UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKIE BAYLOR,

                Plaintiff,

v.

ICICLE SEAFOODS, INC.,

                Defendant.

No. C04-2272P

ORDER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      This matter comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 61). Defendant seeks dismissal of Plaintiff's claims of negligence under the Jones Act, as well as Plaintiff's claims of unseaworthiness. Plaintiff, in her Response to Defendant's Motion, points out that this case is not a case based on negligence under the Jones Act, nor on claims of unseaworthiness. Instead, Plaintiff states, "this case has always been [and still is] posited on facts in support of a maintenance and cure claim and the sequelae of its deprivation." (Pl's Resp. at 2, ln. 1-2). Therefore, the Court GRANTS Defendant's Motion for Summary Judgment on any claims Plaintiff makes regarding Jones Act negligence or unseaworthiness. Additionally, the Court notes that it appears that any claims made by Plaintiff regarding maintenance, cure, unearned wages, and attorneys' fees have already been resolved by this Court or by the parties among themselves. (See Dkt. No. 68, Dkt. No. 47-15 at ¶ 4). Thus, it appears, upon review of Plaintiff's first amended complaint (Dkt. No. 13) and the briefings of the parties, that the only matters left to be resolved by this Court are the issues of whether Plaintiff is entitled to the tax withholdings from her unearned

ORDER - 1

wages payments and whether or not there is an issue of material fact as to whether or not Plaintiff is entitled to damages based on Defendant's alleged infliction of "[p]ain and suffering" in the form of "[m]ortification, humiliation, fright shock and embarrassment" [sic], "[i]nability to engage in social, recreational, and other pursuits previously enjoyed", and "[m]ental anguish." (Pl's First Am. Compl. at 2-3). The Court DISMISSES Plaintiff's claims for pain and suffering based on a lack of evidence. Regarding the tax withholdings, the Court rules that Plaintiff is entitled to repayment of tax withholdings only if Icicle made withholdings from her maintenance and cure payments. She is not entitled to withholdings that were taken out of her unearned wages payments.

## BACKGROUND

Plaintiff Vickie Baylor was a sea woman aboard the M/V Northern Victor, where she worked in Defendant Icicle Seafoods' employ during the 2003 and 2004 seasons. In March 2003, Plaintiff sprained her ankle aboard the ship. Plaintiff acknowledges that she has no outstanding claims regarding this injury except for alleged wrongfully withheld taxes from Plaintiff's unearned income payment from Defendant.

In summer of 2004, Plaintiff began to experience swelling and numbness in her lower legs, along with pain while working aboard the M/V Northern Victor. At first, Plaintiff appears to have attributed these symptoms to possible varicose veins, brought on by long hours of standing. She was granted a leave of absence from the ship and was eventually diagnosed with and underwent surgery and physical therapy for a meniscus tear in her knee. Plaintiff alleges that Defendant engaged in tactics designed to delay the treatment to which Plaintiff was entitled for her injuries. Plaintiff also alleges unlawful delays in maintenance and cure payments to which she was entitled. During the time that Plaintiff awaited authorization for treatment as well as unearned wages, maintenance, and cure payments from Defendant Plaintiff alleges that she went on welfare and was forced to get food stamps. Additionally, she alleges that her injury was also aggravated by the delay in treatment authorization by Defendant and that this worsening of her condition caused her great mental anguish.

## ANALYSIS

ORDER - 2

## I. Summary Judgment Standard

This matter is before the Court on Defendant's motion for summary judgment. Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

## II. Is Plaintiff Entitled to the Taxes that Icicle Seafoods Withheld from her Unearned Wages Payments?

In Plaintiff's Reply to her previous motion to Compel Payment of Unearned Wages, Attorney Fees and Necessary Expenses, Maintenance and Repatriation Costs, Ms. Baylor claimed that she should be reimbursed for the income taxes that Icicle Seafoods wrongly withheld from the unearned wages they paid her on the theory that "maintenance and cure payments made to seamen do not constitute 'compensation for services', [sic] and hence do not constitute wages for purposes of computation of federal income taxation and employment taxes." (Dkt. No. 59-1 at 11). Plaintiff reiterated this claim in her Response to Defendant's Motion for summary judgment. (Dkt. No. 64 at 2). Plaintiff cites internal revenue service rule 60-219, which states, "[r]egular salary payments made to seamen who become disabled by sickness or injury in the service of their ships constitute wage

continuation payments excludable from gross income to the extent provided in section 105(d) of the Internal Revenue Code of 1954 and **constitute wages for Federal employment tax purposes**. . ." Rev. Rule 60-219 (emphasis added). The next paragraph of this rule states, "[m]aintenance and cure payments, including case subsistence payments while an out-patient, do not constitute compensation for services, are not taxable income, and do not constitute wages for Federal employment tax purposes." Id.

The Court reads this language to mean that any federal income taxes withheld from Ms. Baylor's unearned wages payments by Icicle were lawful and need not be repaid. However, if any federal income taxes were withheld by Icicle from Ms. Baylor's maintenance and cure payments, she has a right to be reimbursed for those sums.

**III. Does Plaintiff Raise an Issue of Material Fact Regarding Her Pain and Suffering?**

A.  Delayed Payments

Plaintiff claims that Defendant's alleged delay in paying her maintenance, unearned wages, and cure that she is entitled to as a seaman caused her great mental anguish and suffering for which she should now be reimbursed. Consequential damages, including payment for pain and suffering are recoverable by seamen when there has been a wrongful failure to provide maintenance and cure. Deisler v. McCormack Aggregates Co., 54 F. 3d 1074, 1084 (3rd Cir. 1995). Plaintiff claims that the knee injury that resulted in late payments and pain and suffering occurred on July 25, 2004. Although the record is a little unclear in this case, it appears that Defendant made a final payment for unearned wages, maintenance, transportation, and cure in the form of co-pays, to Plaintiff on October 26, 2005 (Dkt. No. 53-2). Additionally, there is some evidence in the record that Defendant paid Plaintiff's doctors' bills as they accrued (Dkt. No. 47-15). Even so, Plaintiff claims in her briefing that Defendant purposely and wrongfully delayed the payments owed to Ms. Baylor and that she was forced, "to go on welfare and food stamps" because of Defendant's "shenanigans." (Pl's Resp. at 3, ln. 13-14). Although Plaintiff claims that she has "testified" to the fact of her poverty while she waited for Defendant's payments, there is only a brief mention in the Court record of Plaintiff's

ORDER - 4

1  inability to pay her regular doctor and the fact that she went to a doctor that accepted, "medical
2  coupons." (Dkt. No. 55, Ex. I, at Dep. p. 63).

3  Defendant points out that Plaintiff has submitted no declaration regarding her financial
4  hardship during the time period at issue or the stress and anxiety that this alleged hardship caused her.
5  (Def's Reply at 9). Defendant is correct that Plaintiff's claim of hardship and anxiety and stress as a
6  result of the hardship must be supported by some evidence in order to raise an issue of fact that is
7  triable by the jury. Because the Court can find no such evidence in the record, Plaintiff's claim of
8  pain and suffering caused by a delay in Defendant's payments must be DISMISSED.

9  B.  Delayed Treatments

10 Ms. Baylor also claims that a delay in authorization for an MRI scan by Icicle caused
11 aggravation of her knee injury and led to pain and suffering for which she is entitled to
12 reimbursement. In support of this allegation Plaintiff cites to the transcript of the deposition of Dr.
13 Peterson, Ms. Baylor's treating physician who diagnosed her with a torn meniscus in her left knee. In
14 response to the question of whether or not the delay likely had a negative effect on Ms. Baylor's
15 prognosis, Dr. Peterson answered, "[m]y answer is yes. I can't prove that, but I feel very strongly
16 that State Industrial is not treating their patients properly." (Peterson Dep. at 15).

17 There is case law that suggests that a jury is entitled to draw an inference from hypothetical
18 medical evidence about the causation of pain and suffering based on the aggravation of an injury. See
19 Picou v. American Offshore Fleet, 576 F. 2d 585 (5th Cir. 1978). However, Plaintiff in this case has
20 not put any other evidence, apart from Dr. Peterson's statement, before this Court that her knee
21 injury was indeed aggravated. There is no evidence in the record that Plaintiff complained her knee
22 was becoming more and more painful during the time she waited for authorization from Icicle for an
23 MRI. Nor is there any testimony from Dr. Peterson or in the medical records that leads this Court to
24 believe that her condition was worsening during this wait. In Picou, by contrast, the plaintiff in that
25 case had a second heart attack, which was allegedly caused by the stress and anxiety he suffered
26 during the delay in his employer's payment of maintenance and cure. Id. The fact that he had a heart

ORDER - 5

1  attack was hypothetical evidence for the jury that the delay in maintenance and cure caused extra
2  stress and suffering in Picou's life, for which he could potentially recover pain and suffering
3  damages. Id. Because Plaintiff has not met her burden of proof to put forth evidence showing that
4  her knee injury was aggravated, she has not raised an issue of material fact regarding whether or not
5  the delay in authorization for the MRI led to an aggravated injury giving rise to pain and suffering for
6  which she is entitled to reimbursement. For this reason, the Court must DISMISS Plaintiff's claim for
7  pain and suffering caused by aggravation of her injury due to a delay in medical treatment.

CONCLUSION

The Plaintiff concedes that this action does not contain any claims of Jones Act negligence or allegations of unseaworthiness of the M/V NORTHERN VICTOR. For this reason, Defendant's motion for summary judgment on these claims is GRANTED. Upon examination of the pertinent Internal Revenue Service Rule, the Court has determined that Plaintiff is entitled to reimbursement for any income tax withholdings taken out of Icicle's maintenance and cure payments on her behalf. However, she is not entitled to tax withholdings taken out of Icicles's unearned wages payments to her. Finally, the Court DISMISSES Plaintiff's claims of pain and suffering due to a complete lack of evidence raising an issue of material fact regarding Plaintiff's alleged mental anxiety or aggravated injury caused by a delay in Defendant's payment of maintenance, cure, and unearned wages. There being no further issues for resolution, this case is hereby DISMISSED with prejudice.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: February 3rd, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 6